*Electronically Filed*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**CASE ACTION NO. 3:23-CV-174-CHB**

**DORIS LOGAN, ON BEHALF OF MINOR, C.L.**                                    **PLAINTIFF**

**vs.**                                **ANSWER TO COMPLAINT**

**BRENDAN KAISER,** *et al.*                                                 **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \*

Come the Defendants, Brendan Kaiser and Louisville Metro Government ("Metro Government"), by and through Counsel, answers Plaintiff's Complaint as follows:

1. Paragraphs 1 and 2 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that jurisdiction and venue are proper before this Court but deny the remaining allegations.

2. Defendants are without sufficient information to form a belief as to the allegations contained in Paragraph 3 of the Complaint, and therefore Defendants deny same.

3. With respect to Paragraph 4, Defendants admit that at all relevant times, Brendan Kaiser was a police officer employed by LMPD.

4. Defendants are without sufficient information to form a belief as to the allegations contained in Paragraphs 5 and 6 of the Complaint and therefore deny same.

5. With respect to Paragraphs 7, 8, 9, 10, 11, 12, 13, 14, and 15 of the Complaint, Defendants state that the encounter between Detective Kaiser and Plaintiff was recorded on body camera, and that body camera footage will speak for itself.

6. Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 16 of the Complaint and therefore deny same.

7. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

8. Defendants are without sufficient information to form a belief with respect to the allegations contained in Paragraph 18 of the Complaint.

9. Defendants deny the allegations contained in Paragraphs 19 of the Complaint and state that Plaintiff and the other juveniles were suspected of burglary.

10. With respect to the allegations contained in Paragraphs 20-23, Defendants state that the interaction was recorded on body camera and state that the body camera videos will speak for themselves. Defendants specifically deny that he had his finger on the trigger of his weapon as he approached the garage and refer to the body camera video wherein his finger can be seen to the side of the trigger.

11. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 24 of the Complaint.

12. Paragraphs 25-28 state legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in these Paragraphs of the Complaint.

13. Defendants deny the allegations contained in Paragraphs 29 and 30 of the Complaint.

14. With respect to Paragraphs 31-36 of the Complaint, to the extent that Plaintiff attempts to reference incidents that occurred at LMPD taken out of context with selective and misrepresented facts to infer negligence on the part of the Defendants, the allegations are denied. Any specific incidents referenced therein will speak for themselves.

15. Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

16. With respect to Paragraph 38, Defendants state that the Department of Justice Report is publicly available and speaks for itself.

17. Defendants deny the allegations contained in Paragraphs 39 and 40 of the Complaint.

18. Paragraphs 41 and 42 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendants deny same.

19. Paragraphs 43-57 reference incidents and documents contained within Detective Kaiser's personnel and PSU files. Defendants state that these files will speak for themselves.

20. In response to Paragraph 58 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

21. Paragraphs 59-61 state legal conclusions to which no response is required. To the extent response is required, Defendants deny same.

22. Defendants deny the allegations contained in Paragraph 62.

23. Paragraphs 63-65 of the Complaint state legal conclusions to which no response is required. To the extent that response is required, Defendants deny same.

24. With respect to Paragraph 66 of the Complaint, Defendants denies that Detective Kaiser pointed his firearm at C.L. with his finger on the trigger. The body camera speaks for itself and clearly shows Detective Kaiser's finger off of the trigger. The remainder of this Paragraph states legal conclusions to which no response is required.

25. Defendants deny the allegations set forth in Paragraphs 67 and 68 of the Complaint.

26. Paraphs 69-72 of the Complaint state legal conclusions to which no response is required. To the extent that response is required, Defendants deny same.

27. In response to Paragraph 73 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

28. Defendants deny the allegations contained in Paragraphs 74-78.

29. In response to Paragraph 79 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

30. Defendants deny the allegations contained in Paragraphs 80-84 of the Complaint.

31. In response to Paragraph 85 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

32. Defendants deny the allegations contained in Paragraphs 86-89 of the Complaint.

33. In response to Paragraph 90 of Plaintiff's Complaint, Defendants restate and incorporate by reference all answers and defenses set forth above.

34. Defendants deny the allegations set forth in Paragraphs 91-94 of the Complaint.

35. All allegations in the Complaint not specifically admitted or denied are hereby denied.

<u>First Defense</u>

36. The Complaint Fails to State a claim for which relief may be granted.

<u>Second Defense</u>

37. The injuries and damages claimed in the Complaint were caused in whole or in part by the actions of Plaintiff and/or a third party.

<u>Third Defense</u>

38. Defendants are entitled to absolute and sovereign immunity.

<u>Fourth Defense</u>

39. Plaintiff's action is barred, in whole or in part, by Defendants' entitlement to qualified immunity and/or any other applicable immunity, and at all times relevant to the Complaint, Defendants acted in good faith and in accordance with clearly established law.

<u>Fifth Defense</u>

40. The Plaintiff's injuries and damages, if any, were caused in whole or in part from intervening acts and/or superseding causes over which Defendants have no control or for which these Defendants have no responsibility or liability.

<u>Sixth Defense</u>

41. Defendants affirmatively plead each of the enumerated defenses contained in Federal Rules of Procedure 8 and 12, including but not limited to waiver, laches and estoppel, to the extent such defense or defenses are or may be applicable.

<u>Seventh Defense</u>

42. Plaintiff has failed to mitigate damages, if any, and is therefore barred from relief.

<u>Eighth Defense</u>

43. The Complaint fails to allege facts sufficient to permit an award of punitive damages against Defendants.

<u>Ninth Defense</u>

44. The above styled action may be barred by arbitration and award, accord and satisfaction, estoppel, waiver, release, and any other matter constituting an avoidance or affirmative defense.

<u>Tenth Defense</u>

45. Defendants expressly reserve the right to file further pleadings and to assert additional defenses as the proof develops

WHEREFORE, the Defendants demand judgment as follows:

1. That the Complaint be dismissed and held for naught;
2. For their costs herein expended;
3. Trial by Jury;
4. For leave to amend this Answer to conform to the evidence;
5. For leave to amend this Answer for affirmative defenses to conform to the evidence; and
6. For any and all other appropriate relief to which they may appear entitled.

Respectfully submitted,

MICHAEL J. O'CONNELL
JEFFERSON COUNTY ATTORNEY

/s/ *Susan K. Rivera*
Susan K. Rivera
Kristie B. Walker
Assistant Jefferson County Attorneys
200 S. Fifth Street, Suite 300 N
Louisville, KY 40202
*Susan.rivera@louisvilleky.gov*
 (502) 574-3076
*Counsel for Defendants*

CERTIFICATE OF SERVICE

    I hereby certify that on _, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will automatically send copies to all counsel of record.

/s/ *Susan K. Rivera*
Susan K. Rivera